UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| HELEN T. CHEEKS, and ) | Case No. 08-40438-659 |
| CURTIS LAMAR CHEEKS, ) | Judge Kathy A. Surratt-States |
| ) | Chapter 13 |
| Debtors. ) | |
| ) | |
| ALLIANCE CREDIT UNION, ) | **Adversary No. 08-4031-659** |
| ) | |
| ) | PUBLISHED |
| Plaintiff, ) | |
| ) | |
| -v- ) | |
| ) | |
| CURTIS LAMAR CHEEKS, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The matter before the Court is Plaintiff's Complaint Objecting to Discharge of Debt and Motion for Summary Judgment. Defendant filed an Answer to Complaint Objecting to Discharge of Debt. Defendant failed to file an Answer to Plaintiff's Motion for Summary Judgment. Upon consideration of the record as a whole, the Court makes the following FINDINGS OF FACT:

On July 23, 2007, Defendant Curtis Lamar Cheeks (hereinafter "Debtor") signed a Simplified Loan Program Agreement and Disclosure (hereinafter "Loan Agreement") with Alliance Credit Union (hereinafter "Plaintiff"). Between November 5, 2007 and January 18, 2008, Debtor obtained several cash advances under the Loan Agreement, totaling $5,252.76 (hereinafter "Debt"). All of these cash advances were obtained within 90 days of the filing of Debtor's Chapter 13 case. During this same time period, Debtor made only two payments of $130.00 each. Debtor had neither the intent nor financial ability to repay these cash advances. At the time Debtor obtained these cash

advances, Debtor knew or should have know that he would not be able to repay these amounts. Debtor filed Bankruptcy under Chapter 13 on January 22, 2008.

Plaintiff argues that it is entitled to summary judgment since the Debt is not dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) as having been incurred through false pretenses, false representation or actual fraud. The Court addresses this issue below.

## JURISDICTION

The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 151, 157 and 1334 (2008), and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) (2008). Venue is proper under 28 U.S.C. § 1409(a) (2008).

## CONCLUSIONS OF LAW

"A motion for summary judgment proceeds under Rule 56 of the Federal Rules of Civil Procedure, made applicable in Bankruptcy proceedings by rule 7056." *In re Gardner*, 220 B.R. 63, 64 (Bankr.E.D.Mo. 1998). "A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." FED. R. BANKR. P. 7056(a) (2008).

"The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. BANKR. P. 7056(c) (2008). The movant must demonstrate that the record does not disclose a genuine dispute of a material fact and identify that portion of the record bearing that assertion. *City of Mount Pleasant v. Associated Elec. Coop., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988).

"When a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Libby Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212-13 (1986). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

FED. R. BANKR. P. 7056(e)(2008). A court must view the evidence presented in a light most favorable to the non-moving party and the non-moving party must be given the benefit of any inferences reasonably drawn from such evidence. *Matsushita Elec. Ind., Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538, 553 (1986); *Alpine Elec. Co. v. Union Bank*, 979 F.2d 133, 135 (8th Cir. 1992).

"Summary judgment will be granted whenever the moving party establishes all the elements necessary to prevail unless the non-moving party presents a genuine fact in dispute." *In re Gardner*, 220 B.R. at 64. "An issue of genuine fact exists and summary judgment must be denied if the court determines that there may be sufficient evidence presented at trial to allow a verdict in favor of the non-moving party." *Id.*

Here, Plaintiff met its burden of proof as required under FED. R. BANKR. P. 7056(c) since Plaintiff filed its Complaint and Motion for Summary Judgment. Debtor failed to file an answer or other responsive pleading, so there is no genuine issue in dispute.

However, the remaining issue to be determined is whether the evidence, when presented in a light most favorable to Debtor, entitles Plaintiff to judgment as a matter of law. Plaintiff argues that the Debt is nondischargeable under § 523(a)(2)(A). A discharge will be denied for an extension of creditor obtained by "false pretenses, a false representation, or actual fraud". 11 U.S.C. § 523(a)(2)(A) (2008).

Here, Debtor obtained the Debt through cash advances incurred within 90 days of filing the bankruptcy case. The Debt was also obtained through false pretenses, false representation or actual fraud in that Debtor knew or should have known that he had neither the intent not the ability to repay the Debt.

Plaintiff is thus entitled to summary judgment as a matter of law. By separate order, Plaintiff's Motion for Summary Judgment will be granted.

                    */s/ Kathy A. Surratt-States*
                    KATHY A. SURRATT-STATES
                    United States Bankruptcy Judge

DATED: October 9, 2008
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO 63102

Alliance Credit Union
575 Rudder Rd
Fenton, MO 63026

Donna M. Sommars
Sommars & Associates, LLC
911 Washington Ave., Ste. 415
St. Louis, MO 63101

Curtis and Helen Cheeks
6103 Huntsville Avenue
St. Louis, MO 63120

Frank R. Ledbetter
Ledbetter Law Firm, LLC
2001 S. Big Bend Boulevard
St. Louis, MO 63117